**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

---

MICHAEL BOYD

    Plaintiff,

v.

CORRECTION OFFICER AARON
SILVA, BRIAN RIORDAN, INSPECTOR
REGINA MORROW

    Defendants.

---

Hon. Claire C. Cecchi
Civil Action No. 2:11-cv-06625-CCC-JAD

<u>REPORT AND RECOMENDATION</u>

<u>JOSEPH A. DICKSON, U.S.M.J.</u>:

This matter was referred to this Court for a Report and Recommendation on the motion to remand by Michael Boyd ("Plaintiff"). Pursuant to Federal Rule Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, and for good cause shown; and

**WHEREAS** Plaintiff filed a Complaint in the Superior Court of New Jersey, Union County, on August 22, 2011 alleging that Corrections Officer Aaron Silva, Director Brian Riordan, and Investigator Regina Marrow's (collectively "Defendants") humiliation and harassment of Plaintiff resulted in denial of medical care, Compl., ECF 1 at 10-15; and

**WHEREAS,** while the case was pending in State Court, Defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted; and

**WHEREAS** in his Opposition to the motion to dismiss, Plaintiff alleged that Defendants violated his federal civil rights; and

**WHEREAS** on October 24, 2011, the Honorable Kenneth J. Grispin, Presiding Superior Court Judge, Union County, Civil Part, issued an Order and Statement of Reasons denying Defendants' motion to dismiss, and stating that "while Plaintiff's Complaint is certainly obscure, his Opposition to the Motion has helped to clarify his causes of action,"[1] Br. in Opp., Ex. E; and

**WHEREAS** Judge Grispin further stated that Plaintiff's Opposition Brief was "in essence, a revelation of the causes of action which he failed to adequately articulate in the Complaint," *id.*; and

**WHEREAS** based on Plaintiff's Opposition Brief, Judge Grispin found that Plaintiff was asserting a claim for violation of his federal civil rights, *id.*; and

**WHEREAS** on November 9, 2011, Defendants removed the matter to this Court on the ground that there was federal question jurisdiction pursuant to 28 U.S.C. § 1331; and

**WHEREAS** on December 21, 2011, Plaintiff filed a Motion to Remand on the grounds that the removal was procedurally infirm because Defendants did not remove within thirty (30) days of receipt of Complaint as required by 28 U.S.C. § 1446(b); and

**WHEREAS** 28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant... of a copy of an... order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3); and

**WHEREAS** only after Judge Grispin issued the Statement of Reasons on October 24, 2011 were Defendants able to ascertain that Plaintiff was asserting a federal cause of action; and

---

[1] The New Jersey Superior Court had the authority to interpret Plaintiff's cause of action because "any motion to dismiss pursuant to R. 4:6-2 requires the court to search the complaint in depth and with liberality to determine if a cause of action can be gleaned even from an obscure statement." Br. in Opp., Ex. E (citing *Printing Mart et. al. v. Sharp Electronics Corp. et al.,* 116 N.J. 739, 746 (1989)).

**WHEREAS** given that the federal cause of action could first be ascertained on October 24, 2011, and Defendants filed the notice of removal sixteen (16) days later on November 9, 2011, Defendants removed the case within the thirty (30) days required by 28 U.S.C. § 1446(b)(3);

**IT IS on this** _29th_ **day of June, 2012,**

**RECOMENDED** that Plaintiff's motion to remand be denied.

_____

JOSEPH A. DICKSON, U.S.M.J.

cc:     Honorable Claire C. Cecchi, U.S.D.J.

3